**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Willie and Kamika Keitt, | ) | |
| | ) | C.A. No. _____5:22-cv-01676-MGL_____ |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiffs, Willie and Kamika Keitt, complaining of the Defendant herein, do respectfully allege as follows:

## JURISDICTION

1.      This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq*. Jurisdiction is founded on 28 U.S.C. §§1346(b).

## VENUE

2.      In accordance with 28 U.S.C. §1391, venue is proper in the Orangeburg Division of the District of South Carolina as a substantial part of the events giving rise to the claim occurred in this District and Division.

3.      This suit arises from a motor vehicle collision that occurred on Interstate 26 in Orangeburg County, on November 28, 2020.

4.      On August 4, 2021, Plaintiff submitted a claim for damages, based on the allegations herein, to the United State Postal Service for administrative settlement. The United States Postal Service did not expressly deny the claim and more than six months have passed. Accordingly, Plaintiffs have complied with the requirements of the Federal Tort Claims Act for

the timely presentation and disposition of claims in the present action.

## THE PARTIES

5.     The Plaintiffs, Willie and Kamika Keitt, are residents of the County of Lexington, South Carolina.

6.     The United States Postal Service is, and was at all times relevant herein, a governmental agency of Defendant United States of America. Pursuant to the requirements of the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq*., Defendant United States of America is the properly named defendant in this action.

## CAUSES OF ACTION
## FOR A FIRST CAUSE OF ACTION
### (Negligence)

7.     On November 28, 2020, Plaintiff Willie Keitt was driving west on Interstate 26 in Orangeburg County when he pulled off the interstate and legally parked his vehicle in the emergency lane due to running out of gas.

8.     As Plaintiff Willie Keitt waited on his wife to arrive with gas for his vehicle, a tractor trailer truck driver, Henry Perez, who was operating the tractor trailer in the course of their employment as an agent or employee of the United States Postal Service, was driving west on Interstate Highway 26 in the right lane.  Henry Perez became distracted and ran off the interstate to the right and crashed into Plaintiff's parked vehicle at approximately sixty-five miles per hour while Plaintiff was inside his vehicle.

9.     As a result of the violent collision, Plaintiff Willie Keitt suffered injuries to his neck, back, left shoulder, and left leg.  Magnetic Resonance Imaging (MRI) of Mr. Keitt's neck after the collision revealed a disc herniation at C3-4 and a left paracentral disc herniation at C6-7.  An MRI of Plaintiff Willie Keitt's left shoulder revealed a left shoulder acromioclavicular

joint injury.

10.     At all relevant times, Henry Perez, was operating the tractor trailer as an agent and/or employee of the United States Postal Service, an agency of Defendant United States of America, and was acting within the course and scope of his agency or employment with the United States Postal Service, and under the direction and control of the United States Postal Service at the time of the subject collision.

11.     Defendant, through its driver, Henry Perez, was negligent, willful, wanton, and reckless and breached the duties it owed to Plaintiffs in the following particulars:

(a)     In becoming distracted while operating a tractor trailer;

(b)     In operating a tractor trailer in a negligent and/or reckless manner;

(c)     In driving too fast for the conditions;

(d)     In failing to maintain proper control of the tractor trailer;

(e)     In failing to maintain a proper lookout;

(f)     In veering off the traveled area of the interstate;

(g)     In failing to maintain the tractor trailer within the lane of travel;

(h)     In failing to use the degree of care and caution that a reasonably prudent driver would have used under the circumstances then and there prevailing;

(i)     In operating a tractor trailer without exercising reasonable care and in a negligent, willful, wanton, and reckless manner; and

(j)     In such other particulars as may be determined through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

12.     Defendant, through its driver, Henry Perez, was negligent, willful, wanton, and reckless and breached the duties it owed to Plaintiffs and proximately caused the November 28,

2020, collision described herein.

13.     As a direct and proximate cause of Defendant's negligent, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiffs, Plaintiff Willie Keitt sustained the physical injuries and harm described herein and has suffered past and future medical expenses, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, lost wages, property damage, and loss of enjoyment of life.

## FOR A SECOND CAUSE OF ACTION
### (Loss of Consortium)

14.     Plaintiffs reallege and reiterate all the allegations contained in paragraphs 1 through 13 as fully as if repeated herein verbatim.

15.     As a direct and proximate result of the negligence, willfulness, wantonness, and recklessness of the Defendant as set forth above, Plaintiff Kamika Keitt has suffered and will in the future suffer loss of the aid, comfort, support, society and consortium of her husband, Plaintiff Willie Keitt, and is entitled to an award of actual damages in an amount to be determined at the trial of this action.

WHEREFORE, Plaintiffs pray for judgment against Defendant for actual damages, including damages for physical injury and harm, past and future medical expenses, lost income, past and future physical and mental pain and suffering, mental, emotional, and psychological damage, loss of consortium, property damage, loss of enjoyment of life in the amount of the claim amount of $850,000, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

s/Charles W. Whetstone, III
Charles W, Whetstone, III, Fed. I.D. No. 11677
Charles W. Whetstone, Jr., Fed. I.D. No. 4604
WHETSTONE, PERKINS & FULDA, LLC
Post Office Box 8086 (29202)
1303 Blanding Street (29201)
wwhetstone@attorneyssc.com
cwhetstone@attorneyssc.com
Phone (803) 799-9400
Facsimile (803) 799-2017

ATTORNEYS FOR PLAINTIFFS

Columbia, South Carolina

May 27, 2022